IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01767-BNB

DAVID E. RATHS,

Applicant,

v.

R. WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 18 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant David E. Raths is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Raths initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On September 16, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response to the Application and address the affirmative defense of exhaustion of administrative remedies. On October 22, 2008, Respondent filed a Preliminary Response. Applicant has failed to file a Reply.

The Court must construe Mr. Raths' Application liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Raths currently is serving a seventy-month federal sentence. His projected release date is September 30, 2012, via good conduct time. He contends that pursuant to *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007), BOP staff are to determine his eligibility for placement in a Residential Reentry Center (RRC) without regard to 28 C.F.R. §§ 570.20 and 570.21. Applicant concedes that he has not exhausted his administrative remedies with respect to his claims because exhaustion is futile. He also asserts that he should be excused from having to exhaust administrative remedies before presenting the instant action to this Court, because the BOP, contrary to *Wedelstedt*, has an unwritten rule that inmates are not considered for a transfer to an RRC until they are within seventeen to nineteen months from the end of their sentence. (Supporting Mem. at 2.) Applicant further asserts that the statutory exhaustion requirement under the Prisoner's Litigation Reform Act does not apply to habeas petitions.

In the Preliminary Response, Respondent argues that Mr. Raths has failed to file any grievances regarding his transfer to an RRC, and without availing himself of the administrative remedy process he does not know whether his efforts to exhaust would be futile. (Resp. at 6.) This Court agrees with Respondent.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Mr. Raths is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per

2

curiam). He, however, fails to convince the Court that exhaustion of administrative remedies would be futile in this action. Mr. Raths only speculates that exhaustion would be futile. He has not shown affirmatively that exhausting BOP remedies would be useless. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

The BOP administrative remedy program is available to Mr. Raths. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy program allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.13–542.15. Therefore, the Application will be denied and the action will be dismissed for failure to exhaust the BOP's administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this _17_ day of ___December___, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01767-BNB

David E. Raths
Reg. No. 10165-273
FPC - Florence
PO Box 5000
Florence, CO 81226

Susan Prose
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/18/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk